IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK SELIGER, an individual,<br><br>     *Plaintiff,*<br><br>  v.<br><br>OATH, INC., a Delaware Corporation, individually and doing business as "HuffPost"; and DOES 1- 10, inclusive,<br><br>     *Defendant.* | Civil Action No. 1:20-cv-02966-DLC |

**DEFENDANT OATH INC.'S ANSWER TO
FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Oath Inc. ("Defendant" or "Oath"), by and through its undersigned counsel, hereby responds as follows to the First Amended Complaint ("Complaint") in the above-captioned action.

Oath bases its responses to the allegations in the Complaint on actual knowledge of its own actions, and on information and belief with respect to all other matters. The numbered paragraphs herein correspond to the numbered paragraphs in the Complaint. Unless expressly admitted, all allegations in the Complaint are hereby denied.

**JURISDICTION AND VENUE**

1.  This action arises under the Copyright Act of 1976.

**Answer:**

Oath admits the allegations in paragraph 1 but denies any wrongdoing whatsoever and further denies that Plaintiff is entitled to any relief in this action.

2.  This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

**Answer:**

Oath denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 but denies any wrongdoing whatsoever and further denies that Plaintiff is entitled to any relief in this action.

3. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

**Answer:**

Oath denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 but denies any wrongdoing whatsoever and further denies that Plaintiff is entitled to any relief in this action.

## PARTIES

4. Plaintiff is an individual based in New York, New York.

**Answer:**

Oath denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Plaintiff is informed and believes and thereon alleges that Defendant Oath, LLC does business in and with the state of New York and this District.  It does business under its own name and "Huffpost."

**Answer:**

Oath states that it is a corporation, not an LLC, and denies that it does business "with the state of New York and this District."  Oath admits that it does business in the state of New York, but denies any wrongdoing whatsoever and further denies that Plaintiff is entitled to any relief in this action.

6. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein.  Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who

therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

**Answer:**

Oath admits that the Complaint purports to sue "DOES 1 through 10" under fictitious names, which is improper under federal law. Oath denies knowledge or information sufficient to determine the truth of the allegations in paragraph 6 and therefore denies the same, and further denies that Plaintiff is entitled to any relief in this action.

7.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**Answer:**

Oath denies knowledge or information sufficient to determine the truth of the allegations in paragraph 7 and therefore denies the same, and further denies any wrongdoing whatsoever, and further denies that Plaintiff is entitled to any relief in this action.

8.     Plaintiff is an accomplished and critically acclaimed photographer. His works have appeared in *Rolling Stone, GQ, Vogue,* and *Vanity Fair* and he has authored numerous album covers, books, and short films. He has also created photography in collaboration with global brands like Netflix, Levi's, and Ralph Lauren. He has won numerous awards, including the Clio Grand Prix and the Cannes Lions Grand Prix, and his works are part of the permanent collection of the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London.

**Answer:**

Oath denies knowledge or information sufficient to determine the truth of the allegations in paragraph 8 and therefore denies the same.

9.     Plaintiff created and exclusively owns the photography depicted in **Exhibit A** attached hereto. These works will be called the "Subject Photography" herein.

**Answer:**

Oath denies knowledge or information sufficient to determine the truth of the allegations in paragraph 9 and therefore denies the same.

10. Plaintiff has registered the Subject Photography with the Copyright Office.

**Answer:**

Oath denies knowledge or information sufficient to determine the truth of the allegations in paragraph 10 and therefore denies the same.

11. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Infringing Content for financial benefit and without Plaintiff's consent, at and on websites bearing the URL(s) depicted in **Exhibit A** hereto. Said material will be referred to as "Infringing Content" herein.

**Answer:**

Oath denies the allegations in paragraph 11.

12. Plaintiff did not consent to the aforementioned use of the Subject Photography.

**Answer:**

Oath denies the allegations in paragraph 12.

## FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against All Defendants, And Each)

13. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

**Answer:**

Oath repeats its responses to the allegations in paragraphs 1-12 of the Complaint as though fully set forth herein.

14. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photography by without limitation, viewing the Subject Photography on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also show access.

**Answer:**

Oath denies the allegations in paragraph 14.

14. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online at and on websites bearing the URL(s) depicted in **Exhibit A** hereto.

**Answer:**

Oath denies the allegations in paragraph 15.

16. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

**Answer:**

Oath denies the allegations in paragraph 16.

17. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

**Answer:**

Oath denies the allegations in paragraph 17.

18. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photography in an amount to be established at trial.

**Answer:**

Oath denies the allegations in paragraph 18.

19. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**Answer:**

Oath denies the allegations in paragraph 19.

## SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, And Each)

20. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

**Answer:**

Oath repeats its responses to the allegations in paragraphs 1-19 of the Complaint as though fully set forth herein.

21. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

**Answer:**

Oath denies the allegations in paragraph 21.

22. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

**Answer:**

Oath denies the allegations in paragraph 22.

23. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

**Answer:**

Oath denies the allegations in paragraph 23.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such,

Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

**Answer:**

Oath denies the allegations in paragraph 24.

25.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**Answer:**

Oath denies the allegations in paragraph 25.

### THIRD CLAIM FOR RELIEF
(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each))

26.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

**Answer:**

Oath repeats its responses to the allegations in paragraphs 1-25 of the Complaint as though fully set forth herein.

27.     The Subject Photography was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author.

**Answer:**

Oath denies knowledge or information sufficient to determine the truth of the allegations in paragraph 27 and therefore denies the same.

28.     Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography, before distributing and publishing same.

**Answer:**

Oath denies the allegations in paragraph 28.

29. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography via websites bearing the URL(s) depicted in **Exhibit A** hereto, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

**Answer:**

Oath denies the allegations in paragraph 29.

30. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

**Answer:**

Oath denies the allegations in paragraph 30.

31. When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

**Answer:**

Oath denies the allegations in paragraph 31.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because Plaintiff suffered no damages directly or proximately caused by any act or omission alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

To the extent, if any, that Oath's use of the Photograph was unauthorized, Oath's acts were innocent, in good faith, and non-willful, as Oath was not aware and had no reason to believe that its acts were unauthorized.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's use of the photograph-at-issue constituted fair use under Section 107 of the U.S. Copyright Act, 17 U.S.C. § 107.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint, in whole or in part, because it is not entitled to statutory damages or attorneys' fees.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of laches and/or equitable estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of implied waiver, consent, acquiescence, or license.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to join indispensable parties.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

Oath reserves the right to assert any additional defenses that may become relevant or apparent following discovery or otherwise during the course of this litigation.

WHEREFORE, Oath demands judgment:

(1) Dismissing the Complaint (including, without limitation, the entirety of the Complaint's Prayer for Relief subparagraphs a-h thereof), in its entirety, with prejudice;

(2) Awarding Oath its costs and disbursements in this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 17, 2020

        Respectfully Submitted,

        HUNTON ANDREWS KURTH LLP

        By: */s/ Jennifer L. Bloom*
            Jonathan D. Reichman
            Jeremy S. Boczko
            Jennifer L. Bloom
            200 Park Avenue
            New York, New York 10166
            (212) 309-1000
            jreichman@huntonak.com
            jboczko@huntonak.com
            jbloom@huntonak.com

        *Attorneys for Defendant*
        *Oath Holdings Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I served the foregoing on all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

By: */s/ Jennifer L. Bloom*