IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK SELIGER, an individual,<br><br>　　　　　　*Plaintiff,*<br><br>　　v.<br><br>OATH, INC., a Delaware Corporation, individually and doing business as "HuffPost"; and DOES 1- 10, inclusive,<br><br>　　　　　　*Defendant.* | Civil Action No. 1:20-cv-02966-DLC |

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

WHEREAS, the parties to the above-captioned action have conferred and agree that the discovery in this case may include the exchange of non-public information that is or contains proprietary, confidential, commercially sensitive, competitive, or trade secret information, or concerns or reflects or is related to the personal affairs of an individual, and is entitled to confidential treatment pursuant to Rule 26 of the Federal Rules of Civil Procedure.

WHEREAS, the parties have agreed to be bound by the terms of this Protective Order, which is intended to govern the exchange of confidential information between the parties in this case.

IT IS HEREBY ORDERED, STIPULATED, and AGREED, pursuant to Rule 26(c), upon the agreement by and between the undersigned counsel for the parties, that the following Protective Order shall govern the handling of confidential information produced in discovery in this case:

1. "Confidential Information" means any non-public document, electronically stored information, file, portion of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that a party believes

1

in good faith contains proprietary, confidential, commercially sensitive, competitive, or trade secret information, personal information or otherwise sensitive information that is entitled to protection from disclosure under applicable law.

2.      When Confidential Information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

     a.   By imprinting the word "Confidential" on each page containing the Confidential Information and by imprinting the word "Confidential" on the label of any CD or other disc or device containing Confidential Information;

     b.   By imprinting the word "Confidential" next to or above any response to a discovery request; or

     c.   With respect to transcribed testimony provided by any witness or party, by giving written notice to opposing counsel designating such portions as "Confidential" no later than 14 calendar days after receipt of the transcribed testimony.

3.      With respect to documents, including electronically stored information, in the custody or control of a person not a party to this lawsuit ("Third Party"), any document provided by a Third Party (in response to a subpoena for the production of documents, or otherwise) that qualifies as Confidential Information and is designated by that Third Party, or counsel for the Third Party, or any party, as "Confidential Information" in the manner provided in Paragraph 2 shall be governed by this Protective Order.

4.      All Confidential Information shall be subject to the following restrictions:

     a.   It shall be used only for the purpose of this litigation; and

     b.   It shall not be communicated or disclosed, either directly or indirectly, to anyone except to Authorized Persons (*see* Paragraph 5) and exclusively for purposes of this case.

5.      Confidential Information, or copies or extracts of Confidential Information, or compilations and summaries of Confidential Information, may be disclosed, summarized,

described, characterized, or otherwise communicated or made available, in whole or in part, only

to the following persons:

    a. Parties' officers, directors, employees (including in-house counsel), and agents to whom such disclosure is reasonably necessary for the purpose of this litigation, a party's insurer (defined herein as an entity that has issued any policy(s) to a party that may provide coverage for a claim in suit) solely for the purposes of this case, and outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

    b. The named parties;

    c. Experts and consultants (and their employees as necessary) for the purpose of assisting in the preparation of the case or for the purpose of testifying by deposition or at the trial of this matter, subject to and conditioned upon compliance with Exhibit A to this Order;

    d. The Court and its employees whose duties require access to the Confidential Information;

    e. Court reporters, transcribers, notary publics or stenographers;

    f. Copy services or graphics or designed services retained by counsel for a party for purposes of copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data, preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action;

    g. Any authors or recipients of the Confidential Information;

    h. Witnesses;

    i. Technical and non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Exhibit A to this Order;

    j. Any federal or state law enforcement agency or professional licensing agency; and

    k. Any other person only upon order of the Court or upon prior written consent of the party producing the Confidential Information.

6. Individuals authorized to review Confidential Information provided to them under

Paragraph 5, above, shall hold the Confidential Information in confidence and shall not divulge

the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized by court order.

7.      The party or party's counsel who discloses Confidential Information to any Authorized Person shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.      During the pendency of this litigation, counsel, their staff, and any persons who received Confidential Information pursuant to Paragraph 5 of this Protective Order shall retain custody of Confidential Information, and copies made therefrom pursuant to Paragraph 6, above.

10.      In accordance with and in supplementation to Rule 26, the parties agree that the inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).  The inadvertent disclosure of potentially privileged documents or information shall be governed by the following procedure:

      a.      <u>Notice By Producing Party</u>

1.      Any party that inadvertently discloses or produces a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, may request that all copies of the document or information be returned or destroyed.  The Producing Party shall give written notice to the receiving party identifying the document or information in question, the asserted privilege or protection, and the grounds therefor.  Upon receipt of any such notice, the receiving party shall refrain from any effort to use or rely upon the document or information in question until the privilege claims have been resolved in accordance with paragraph 10(a)(2)

4

below, except when the use or reliance is to prove or disprove a claim or complaint of professional misconduct or malpractice, to aid or initiate an investigation or action by federal, state, or local law enforcement or by a professional licensing agency, is required by law, court order, subpoena, or warrant, or is agreed to by the parties.

      2.    Within fourteen days of receiving any notification under Paragraph 10(a)(1) or Paragraph 16, if the privilege claim is not disputed, the receiving party will return or destroy all copies of the inadvertently produced document or information, as requested, and shall provide written confirmation to the Producing Party of such action.  If the privilege claim is disputed, the Producing Party may file a motion seeking to establish the validity of the privilege claim within fourteen days of its receipt of written notification from the receiving party that the privilege claim is disputed.  If any such motion is filed by the Producing Party, the Producing Party shall bear the burden of establishing the validity of any privilege or protection claimed.

      b.    <u>Notice by Receiving Party</u>

      1.    Any party that receives any document or information during the course of discovery in this action that it knows or reasonably should know is likely to be subject to a claim of privilege or other protection from discovery shall so inform the Producing Party in writing and shall identify the document or information in question within fourteen days of becoming aware of the potentially privileged document or information.  The receiving party shall refrain from any effort to use or rely upon the document or information in question until the privilege claim  has been resolved in accordance with Paragraph 10(b)(2) below, except when the use or reliance is to prove or disprove a claim or complaint of professional misconduct or malpractice, to aid or initiate an investigation or action by federal, state, or local law enforcement or by a professional

licensing agency, is required by law, court order, subpoena, or warrant, or is agreed to by the parties.

2.      Within fourteen days of receiving any notification under Paragraph 10(b)(1) or Paragraph 16, the Producing Party shall either (a) confirm in writing that it means to assert a privilege claim and request that the receiving party return or destroy all copies of the information or document in question, or (b) confirm in writing that no privilege or protection from discovery is claimed.  If the Producing Party asserts a privilege claim in response to a notice under Paragraph 10(b)(1) and the receiving party does not dispute that privilege claim, then, within fourteen days of the Producing Party's written confirmation of the privilege claim, the receiving party shall return or destroy all copies of the document or information in question, as requested, and provide written confirmation to the Producing Party of such action.  If the privilege claim is disputed, the Producing Party may file a motion seeking to establish the validity of the privilege claim within fourteen days of its receipt of written confirmation from the receiving party that the privilege claim is disputed.  If any such motion is filed by the Producing Party, the Producing Party shall bear the burden of establishing the validity of any privilege or protection claimed.

11.      Any court filings containing information designated as Confidential Information shall be filed with the Court under seal.  This Protective Order does not authorize filing protected materials under seal without Court approval.  No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  Unless the Court orders otherwise, all sealed documents shall be filed in accordance with the Local Rules for the Southern District of New York and Judge Denise L. Cote's Individual Rules of Practice in Civil Cases.

If a party fails to file Confidential Information under seal, any person who in good faith believes that filing such information under seal is required to protect its interests may move the Court to seal the information within thirty (30) days of learning of the allegedly defective filing. Notice of such motion shall be given to all parties.

12.     The parties agree to cooperate in resolving disputed issues of confidentiality before filing a motion to seal material designated as Confidential Information, for example, by redaction of documents to be filed on the public record or by stipulation of facts.  In the event that a party determines that information marked as Confidential Information must be attached to a filing in this case, the filing party will bear the burden of demonstrating good cause for filing the information under seal.

13.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14.     By agreeing to the entry of this Protective Order, the parties take no position on the authenticity or admissibility of documents or other information produced subject to it.

15.     Upon termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all designated materials, including copies, to the person(s) and entity from whom the material was obtained within thirty (30) days, or destroy such materials.  If a party elects to destroy the Confidential Information, that party shall provide the producing party with a confirmation that the Confidential Information has been destroyed.  The attorney of record may retain one (1) copy of any pleadings, briefs, or other documents filed with the Court that contain Confidential Information.  Any Confidential Information contained in such

retained documents will continue to be treated in accordance with this Protective Order by the attorney of record that elects to retain those documents.

16.     Following this Order, any Producing Party shall have a reasonable amount of time to designate any document produced before the Order as Confidential Information, or to request that all copies of any document that it considers privileged or otherwise protected from discovery, and which was inadvertently disclosed or produced before this Order, be returned or destroyed. Notwithstanding Section 10(b)(1), any Receiving Party already in possession of a document or information that it knows or reasonably should know is likely to be subject to a claim of privilege or other protection from discovery shall so inform the Producing Party in writing and shall identify the document or information in question within a reasonable amount of time of becoming aware of the potentially privileged document or information.

17.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c), from challenging a Confidential Information designation, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.  If any dispute arises among the parties with regard to the designation of specific information or documents as Confidential Information, then the information or documents in question shall be treated as Confidential Information until the Court enters an order finding otherwise.

 **IT IS SO ORDERED.**

August 28, 2020

DENISE COTE
United States District Judge

Hon. Denise L. Cote

**STIPULATED AND AGREED TO BY:**

8

DONIGER / BURROUGHS                    HUNTON ANDREWS KURTH LLP


By:*/s/ Scott Alan Burroughs*          By: */s/ Jennifer L. Bloom*
Scott Alan Burroughs, Esq.             Jonathan D. Reichman
Laura M. Zaharia, Esq.                 Jeremy S. Boczko
231 Norman A venue, Suite 413          Jennifer L. Bloom
Brooklyn, New York 11222               200 Park Avenue
(310) 590-1820                         New York, New York 10166
scott@donigerlawfirm.com               (212) 309-1000
liaharia@donigerlawfirm.com            jreichman@huntonak.com
                                       jboczko@huntonak.com
                                       jbloom@huntonak.com

*Attorneys for Plaintiff*
*Mark Seliger*                         *Attorneys for Defendant*
                                       *Oath Holdings Inc.*

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

1.      I have been asked by _____ or its counsel to receive and review certain materials and/or testimony that have been designated as "Confidential" within the terms of the Protective Order entered in the United States District Court for the Southern District of New York, entitled *Seliger v. Oath Inc. et al.*, 1:20-cv-02966-DLC.

2.      I have read the aforementioned Protective Order and agree to be bound by it.

3.      I declare the foregoing is true under penalty of perjury under the laws of the State of New York.


Dated:_____

Name:_____

## AGREEMENT REGARDING ELECTRONIC DISCOVERY

This Agreement is hereby entered into this 28th day of August, 2020, between counsel for plaintiff Mark Seliger ("Plaintiff") and counsel defendant Oath Inc., d/b/a "HuffPost" ("Defendant"), collectively the "parties," in *Seliger v. Oath Inc. et al.*, 1:20-cv-02966-DLC, pending in the U.S. District Court for the Southern District of New York (the "Litigation").

The parties will preserve data and prepare their production documents in accordance with the agreed-upon specifications set forth below.

## I.      PURPOSE

This Agreement will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's rules, and any other applicable orders and rules.

## II.      PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that backup media, digital voicemail, deleted data, and data within the control of unrelated third parties or unrelated non-parties are data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and the parties agree that ESI from these sources need not be preserved or collected.

## III.      PRODUCTION OF HARD COPY DOCUMENTS

**A.** **Format.** Hard copy documents should be scanned and produced as .PDF files in the format of the underling document. For example, a five-page contract should be produced as one five-page .PDF file.

**B.** **Naming Convention**. Files should bear the name of the first and last Bates number in the file.

## IV. SEARCH AND PRODUCTION OF ELECTRONICALLY STORED INFORMATION

**A.** The parties will work in good faith to identify categories of documents that are easily identifiable and segregable that may be produced as responsive.

**B.** Each party shall produce such ESI in either (i) its native format, whether that be WORD, PDF, JPEG, EXCEL, or otherwise, as well as any prior electronic iterations of the files; or (ii) single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of web pages (online or archived), web developer files, online content, visual assets, spreadsheet type files, presentation type files such as PowerPoint files, database files, audio files, and video files, which shall be produced in native format, unless they contain privileged information or information subject to any other applicable protection. .PDF files be produced in searchable format.

**C.** The parties confirm and acknowledge that any document produced in native format shall be produced in native format and bear on its face or in its file name the document's confidentiality designation. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties agree to meet and confer in good faith.

**D.** If required given the needs of the case, the parties will exchange key words to use for online, email, digital, server, and other electronic searches.   If the requesting party in good faith believes additional keywords are likely to yield additional unique, relevant information, the requesting party may propose additional keywords.  In that event, the parties agree to meet and confer about the anticipated benefits and burdens of those additional proposed keywords.  If disputed terms still exist at the end of the meet and confer process, the parties will submit those terms to the Court in the form of a joint discovery letter with a discussion of the relevance and/or burden associated with those search terms.  If some other method of limitation is used to cull responsive data, the producing party will disclose the method to the requesting party.

**E.** To achieve proportional and cost effective discovery, a party may also choose to use predictive coding technology to identify documents responsive to Fed. R. Civ. P. 34 requests.  Any party using predictive coding or technology-assisted review to cull the documents to be reviewed agrees that as early as reasonably practicable (and in any event prior to using such tools) it will disclose to the opposing parties the type of technology it will be using and a general description of the TAR methodology that will be used.

**F.** **Email Threading.**  Each party may utilize email threading technology to consolidate email threads.  The parties agree that if threading technology is used, the producing party may suppress non-inclusive threads from production.

**G.** **De-Duplication.**  Each party may remove exact duplicate documents based on MD5 or SHA-1 hash values at the family level.

**H.** **Parent-Child Relationships**.  Family relationships (*i.e.*, the association between attachment(s), or "child(ren)", and the "parent" document) should be preserved.  Where feasible,

responsive non-privileged family members shall be produced together and bear sequential Bates numbers.

## V.      REPRODUCTIONS

**A.**      When a party re-produces electronic documents or information obtained from a non-party pursuant to a subpoena, that party will provide a copy of the production in the format obtained from the subpoenaed non-party.

**B.**      If the subpoenaed non-party makes known that it produces documents subject to disclosed keywords, date restrictions, or other limiting factors, the initial receiving party will disclose the subpoenaed non-party's culling limitations to the other party upon re-production of the subpoenaed non-party's production.

**C.**      The production specifications in this Agreement apply to documents which are to be produced in the first instance in this action.  To the extent any party is required to re-produce documents in this action that were originally produced in other actions, the parties have not agreed to reformat those earlier productions in accordance with the production specifications in this agreement.

## VI.      PRIVILEGE LOGS

**A.**      Protection against waiver of privilege or other protection from discovery shall be governed by the Stipulated Protective Order.  The parties do not waive the right to conduct a full and comprehensive review for privilege and other protections.

**B.**      To reduce burden and costs, a party need include only one entry on the privilege log to identify withheld emails that constitute an uninterrupted dialogue between or among individuals, provided all participants (*i.e.*, persons, addresses, or aliases on the to/from/cc/bcc

lines) on any part of the email are identified and all subject lines are included unless not required
under Section E below.

      **C.**     To reduce burden and costs, communications may be identified on a privilege log
by category, rather than individually.

      **D.**     To reduce burden and costs, the following documents need not be included on a
privilege log:

            1.     Communications involving counsel responsible for this litigation (both
outside counsel and in-house counsel responsible for the litigation, including their staff or
consultants), that post-date April 10, 2020, other than those specified in Fed. R. Civ. P.
26(b)(4)(C).

            2.     Communications solely within, between or among law firms representing a
party.

## VII.    COSTS

      Generally, the costs of discovery shall be borne by each party.  However, the court may
apportion the costs of electronic discovery upon a showing of good cause.

## VIII.   OBJECTIONS AND RIGHTS PRESERVED

      Nothing in this Agreement shall be interpreted to require the production of information that
is non-discoverable under the Federal Rules of Civil Procedure Rule 26(b)(1) and (2).  Nothing in
this Agreement precludes any party from seeking cost shifting.  The parties do not waive any
objections as to the production, discoverability, admissibility, or confidentiality of ESI or hard
copy documents through this Agreement.  All objections to the discoverability or admissibility of
any document or data are preserved and may be asserted at any time.

Nothing in this Agreement waives the right of any party to petition the Court for an order modifying its terms upon sufficient demonstration that compliance with such terms is unreasonably burdensome or that the production of particular documents in a different format or with different metadata fields is reasonably necessary, provided, however, that counsel for such party must first meet and confer with the counsel for the opposing parties and the parties shall use reasonable best efforts to negotiate an exception from or modification to this Agreement prior to seeking relief from the Court.

## IX.    MODIFICATION

Any practice or procedure set forth herein may be varied by written agreement of the parties where such variance is deemed appropriate to facilitate the timely and economical exchange of documents or ESI.

DONIGER / BURROUGHS

By:*/s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
231 Norman A venue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
scott@donigerlawfirm.com
liaharia@donigerlawfirm.com

*Attorneys for Plaintiff*
*Mark Seliger*

HUNTON ANDREWS KURTH LLP

By:*/s/ Jennifer L. Bloom*
Jonathan D. Reichman
Jeremy S. Boczko
Jennifer L. Bloom
200 Park Avenue
New York, New York 10166
(212) 309-1000
jreichman@huntonak.com
jboczko@huntonak.com
jbloom@huntonak.com

*Attorneys for Defendant*
*Oath Inc.*

6